AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of West Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A red Iphone, currently located in the Charleston, West<br>Virginia Office of the Bureau of Alcohol, Tobacco,<br>Firearms, and Explosives. | )<br>)<br>)<br>)<br>)    Case No. 5:20-mj-00061<br>)<br>) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Southen_____ District of _____West Virginia_____, there is now concealed *(identify the person or describe the property to be seized)*:

Evidence of drug trafficking offenses contained within a cellular telephone as more fully described in the attached affidavit. See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Possession with intent to distribute heroin/fentanyl mixture |
| 21 U.S.C. 841(a)(1) | Possession with intent to distribute methamphetamine |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

David Bullard, Special Agent ATF

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means).*

Date: _____11/09/2020_____

City and state: Beckley West Virginia

Omar J. Aboulhosn
United States Magistrate Judge

**ATTACHMENT A**

**Description of Property to be Searched:**

The below mentioned cellular telephone was seized from Jamal Johnson on October 20, 2020. The cellular telephone was seized in the 180 Old Pemberton Road, Beckley, WV, by the Beckley/Raleigh County Drug and Violent Crime Unit and is currently in the custody of the Bureau of Alcohol, Tobacco and Firearms (ATF).

1) Black in color I-Phone with red case.





## ATTACHMENT B

## DESCRIPTION OF PROPERTY TO BE SEIZED:

Any property that constitutes evidence of the commission of or the conspiracy to commit a criminal offense; or contraband, the fruits of crime, or things otherwise criminally possessed; or property designed or intended for use or which is or has been used as the means of committing a criminal offense; to include, but not limited to the below items:

1. Cellular telephone, to include, but not limited to the following areas/items:

   a.   lists of customers and related identifying information;

   b.   types, amounts, and prices of narcotics possessed or trafficked as well as dates, places, and amounts of specific transactions;

   c.   any information related to sources of narcotics(including names, addresses, phone numbers, or any other identifying information);

   d.   any information recording the above-listed individual's schedule or travel;

   e.   all bank records, checks, credit card bills, account information, and other financial records.

f.    Evidence of user attribution showing who used or owned the cellular telephone at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

g.    In addition, permitting the search of the memory of such devices for:

1.    all telephone numbers and direct connect numbers or identities assigned to the device, including the Electronic Serial Number (ESN) and the International Mobile Subscriber Identity number (IMSI) relating to the cellular telephones;

2.    Call and direct connect history information, including dates, times, and duration of telephone calls, as well as the contact information related to those calls;

3.    Telephone book or list of contacts; and

4.    All photographs, video footage, text messages, and emails evidencing narcotics distribution and trafficking;

5.    Text messages relating to narcotics possession, transactions, payment for such

transactions, or arrangements to meet for
such transactions;

6.  Email messages relating to narcotics
possession, transactions, payment for such
transactions, or arrangements to meet for
such transactions;

7.  Photographs and/or videos, in particular
photographs and/or videos of co-
conspirators, assets, and/or narcotics.

8.  Access to social media available on the
cellular telephones to search for the items
listed in this attachment.

h. Evidence of possession, acquisition or
disposition of firearms.

2. This warrant authorizes the search and forensic
examination of cellular telephone and digital devices
seized for the purpose of identifying the
electronically stored information on the cellular
telephone and digital device that relate to one or
more violations of 21 U.S.C §§ 841, that is possession
with intent to distribute controlled substances.

# A F F I D A V I T

**STATE OF WEST VIRGINIA**

**COUNTY OF KANAWHA, to-wit:**

I, David Bullard, being first duly sworn, do hereby depose and state as follows:

## Affiant Training and Experience

1.   I am currently employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since December of 2013.  I am assigned to ATF's Charleston, West Virginia, Field Office.

2.   I have investigated cases involving firearms related offenses, arson, crimes of violence, crimes involving individuals conspiring to violate a multitude of criminal acts involving the use of firearms to perpetrate these criminal acts, the illegal sale, possession and use of firearms during the commission of these criminal acts, as well as the use, sale and possession of illegal controlled substances. I have dealt with possession of illegal firearms, and the trafficking of assorted controlled substances. I have purchased controlled substances and firearms utilizing cooperating individuals in controlled buy situations. I am familiar with the appearance, packaging, paraphernalia and distribution of Cocaine (HCL), Crack, Heroine, Marijuana, LSD, Pharmaceuticals,

Methamphetamines and other commonly used street drugs. I am also familiar with several tactics utilized by firearms traffickers, and illegal possessors of firearms to distribute, acquire, maintain and possess illegal firearms.

3.   I graduated from a ten (10) week criminal investigator-training course at the Federal Law Enforcement Training Center, where the course of study dealt with basic criminal investigation techniques. In addition, I graduated from the twelve week (12) Bureau of Alcohol, Tobacco and Firearms (ATF) National Academy, where a portion of the course of study dealt with violations of federal firearms laws, federal explosives laws, bomb scene investigation and arson investigation. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.   This affidavit is made in support of a search warrant for three cellular telephones, further described in Attachment A. The information in this affidavit comes from my investigation of "The Family" a Drug Trafficking Organization (DTO) that

distributes narcotics in and around Beckley, Raleigh County,
West Virginia and within the Southern District of West Virginia.
Officers from the Beckley/Raleigh County Drug and Violent Crime
Unit (BRCDVCU) also assisted in the investigation of "The
Family". As set forth in this affidavit, I believe probable
cause exists that Devon Lamar LOCKRIDGE, a member of "The
Family," has distributed controlled substances in violation of
21 U.S.C. § 841(a)(1), used the cellular telephones to
facilitate the distribution of controlled substances in
violation of 21 U.S.C. § 843(b), and conspired to distribute
controlled substances in violation of 21 U.S.C. § 846. Further,
probable cause exists that evidence of those offenses is
currently located within the electronic data stored on the two
cellular telephones as more particularly described in Attachment
A.

## Background of the Investigation

5.    On or about October 16, 2020, Deputy Redden was contacted by
SA Bullard about an investigation that he was conducting that
may have a tie to Raleigh County. SA Bullard advised that he was
conducting an investigation on an Antoine Louis who was living
in Kanawha County WV. SA Bullard advised that Antoine Louis was
on Federal Probation and also had a GPS monitoring bracelet on
his person for supervision purposes. SA Bullard advised that he
had been conducting controlled buys of heroin from Antoine

3

Louis.

6.    On Thursday October 15, 2020 Antoine Louis had traveled to Beckley WV and visited a residence for approximately 10 minutes. According to the GPS monitoring it showed that Antoine Louis had traveled to 180 Old Pemberton Road in Beckley. On October 16, 2020 Deputy Redden traveled to the residence of 180 Old Pemberton Road and discovered that Deputy Redden was familiar with this address. Deputy Redden had received information from two separate confidential informants who had provided reliable information recently that there were two brothers living at this residence that use the street names of "TWIN".

7.    During previous months Deputy Redden had conducted surveillance on this residence. During this surveillance Deputy had observed both Jamal Johnson and Jermaine Johnson at this residence. From previous occasions as a law enforcement officer Deputy Redden had learned that Jamal and Jermaine Johnson use the street names of "TWIN". During previous surveillance Deputy Redden also observed a silver Chrysler sedan sitting in the driveway at 180 Old Pemberton Road. Deputy Redden checked the WV registration of 45L374 on this Chrysler and learned that it was registered to Jamal Johnson with the address of 180 Old Pemberton Road, Beckley. Deputy Redden contacted WV state parole officer Brandi Otey and asked if Jermaine or Jamal Johnson were

4

under active supervision. Officer Otey advised that Jermaine Johnson was currently on active parole supervision. Officer Otey advised Deputy Redden that Jermaine's approved residence for parole was 180 Old Pemberton Road, Beckley. Officer Otey also stated that Jermaine had been arrested in later part of September 2020 and was still remanded to the Southern Regional Jail.

8.    On Monday October 19, 2020 SA Bullard once again contacted Deputy Redden and advised that he had just conducted a traffic stop on Antoine Louis. During the traffic stop Antoine Louis consented to a search of his residence. Between the traffic stop and consent to search SA Bullard advised that a large amount of Heroin and Methamphetamine had been discovered. SA Bullard advised that he conducted a mirandized interview with Antoine Louis. During this interview Antoine Louis stated that he had been getting supplied Heroin and Methamphetamine from and individual in Beckley. Antoine Louis advised that this individual was known to him as "TWIN" Antoine Louis advised SA Bullard that he did not know the real name of "TWIN" but knew that the individual he was dealing with had a brother. Antoine Louis provided a photo from social media of the individual he knew as "TWIN". Deputy Redden observed this photo and was able to positively identify the photo as Jamal Johnson. Antoine Louis

5

gave the address of 180 Old Pemberton Road in Beckley as the address that he had traveled to for the purpose of picking up narcotics from "TWIN" which was confirmed with the GPS monitoring device. Antoine Louis advised to SA Bullard that he was supposed to travel to Beckley in the next day or two for the purpose of giving "TWIN" the money he owed him for narcotics and to pick up more narcotics from "TWIN".

9.   Deputy Redden applied for a search warrant through Chief Raleigh County Circuit Judge Andrew Dimlich for the residence of 180 Old Pemberton Road. Judge Dimlich signed the search warrant. On October 20, 2020 members of the Raleigh County Sheriff's Office, Beckley State Police Detachment, ATF and BRCDVCU made entry into the residence of 180 Old Pemberton Road, Beckley, Raleigh County.

10.   Upon entry into the residence officer's located Jamal Johnson inside the residence along with Kanesha Austin 10-09-92, Ramona McNeil 10-05-70, Cason Johnson 2 YOA, Christopher Coleman 12 YOA, Grayson Johnson 7 YOA and Elijah Johnson 10 MOA. During the search of the residence officer's discovered a large amount of Heroin inside the freezer in the kitchen to include a vacuum sealed "brick" of suspected Heroin. Also sitting in the kitchen officer's discovered a Ninja Blender that was covered in a

6

residue similar to Heroin. In a drawer in the Kitchen officer's located a large amount of Methamphetamine and another significant amount of Heroin. Throughout the residence officer's also located several sets of digital scales and bags that were consistent with packaging narcotics in. Inside the residence officer's also found three firearms that were listed on the previous exhibit page. The approximate weight of the heroin was 1,163 grams and the approximate weight of the methamphetamine was 178 grams. During the search of the residence a cellular telephone (Red I-Phone) was located in the residence. After speaking with Kanesha it was discovered that the I-Phone belonged to JOHNSON.

11.   During execution of the search warrant, Deputy Redden took an audio recorded statement from Kanesha Austin. During the statement Kanesha advised that she and Jamal Johnson were the only two adults that lived at 180 Old Pemberton Road. Kanesha also advised that she had nothing to do with any of the drugs in the residence and that were not hers. Kanesha also stated that the firearms inside the residence were not hers either and that was not involved in drugs or guns.

12.   All items removed from the residence were previously listed on the exhibit page of the report. Jamal Johnson was arrested for possession with intent to deliver methamphetamine, possession

7

with intent to deliver heroin and being a felon in possession of a firearm. Jamal Johnson was transported to the Raleigh County Sheriff's Officer where he was processed.

13. The above-mentioned cellular telephone is the cellular telephone that is the subject of this affidavit and is further described in Attachment A.

14. Based on my training, education, experience, and discussions with other trained investigators, I know that it is a common practice for drug traffickers to use and keep cellular telephones in order to facilitate their drug trafficking business. Cellular telephones allow traffickers to remain in close and nearly instantaneous communication with their customers and suppliers. In my experience, it is common that the electronic memories of cellular telephones used by drug distributors and users contain evidence of drug trafficking. This evidence includes call logs, text messages, stored emails, contact lists, photographs and video images of drugs, drug proceeds, and drug trafficking paraphernalia and activity. Additionally, cellular telephones like the Iphone cellular telephone taken from Johnson have mapping and other applications installed within their operating systems that capture location data identifying travel to and from places where drug traffickers store, sell, use or distribute controlled

8

substances, keep property used to facilitate drug trafficking and maintain the proceeds of drug trafficking.

15.   I am submitting this affidavit in support of an application for a warrant to search data stored on the cellular telephone referenced herein and described in Attachment A.  The cellular telephone is currently in my custody at the ATF Field Office in Charleston, West Virginia where they have been securely stored since October 20, 2020.  The cellular telephone is equipped with a camera, audio-recording capabilities, and the features and services described herein and in Attachment A.

16.   A cellular telephone is a handheld wireless device used primarily for voice communications through radio signals.  These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "land line" telephones.  A cellular telephone usually includes a "call log," which records the phone number, date, and time of calls made to and from the phone.

17.   Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.  I

have set forth only the facts that I believe are necessary to establish probable cause to believe that the cellular telephone contains evidence of drug trafficking as described herein.

18.  Searching the cellular telephone for the evidence described above may require a range of data analysis techniques.  In some cases, it is possible for agents to conduct carefully targeted searches that can discern evidence without requiring a time consuming manual search through unrelated materials that may be commingled with criminal evidence.  Criminals can mislabel or hide directories and other electronic data to avoid detection or take other steps to frustrate law enforcement searches for incriminating data.  These steps may require agents to conduct more extensive searches, such as scanning areas of the device's memory not allocated to listed files, or opening every file and scanning its contents briefly to determine if it falls within the scope of the warrant.  In light of these difficulties, I request permission to use whatever data analysis techniques appear to be necessary to locate and retrieve the evidence described above.  While the cellular telephone is capable of accessing the internet and service providers maintaining servers or similar electronic storage facilities, this warrant seeks authority solely to examine the memory of the cellular telephones.  At no time will techniques be utilized to access

data stored at any location other than within the memory of the cellular telephones.

19.   The information set forth herein establishes probable cause that Jamal Johnson has possessed with intent to distribute heroin and methamphetamine in violation of 21 U.S.C. § 841(a)(1).  Further, probable cause exists that evidence of these offenses is currently located within the memory of the cellular telephone described in Attachment A that was seized on October 20, 2020.

20.   WHEREFORE, I respectively request issuance of a search warrant to search the identified data stored within the I-Phone cellular telephone described herein and in Attachment A.

Further, your affiant sayeth naught.

David Bullard
Special Agent
Bureau of Alcohol, Tobacco and Firearms

via telephone
Sworn to before me, and subscribed xxxxxxxxxxxxxxxx this the 9th day of November, 2020.

Omar J. Aboulhosn
United States Magistrate Judge

11